### Goss and others *v.* CAMERON and others.

*(Circuit Court, N. D. Illinois.* December 4, 1882.)

PATENTS FOR INVENTIONS.

In a suit for an infringement of a patent for an improvement in feeding attachments of printing machines, where the first claim was for the method and not for the result of printing or shading illuminated cards diagonally, and the second claim is for a combination of old and well-known parts of a cylinder chromatic printing-press and the nippers, *held*, that the patent is not infringed by defendants' devising a new and useful mode of printing those blended colors diagonally across the card, instead of printing them in bars parallel to the sides or ends of the card, where they do not use all complainants' combination, and where they do their work on a chromatic press without making any substantial changes in its mechanism.

*E. T. Warner* and *H. Harrison,* for complainants.

*West & Bond,* for defendants.

BLODGETT, D. J. This is a suit to enjoin infringement of patent No. 229,998, issued July 13, 1880, to complainants for "improve-

ments in feeding attachments for printing-presses," and for an accounting. In their specifications the inventors say:

" The object of the invention is to provide means for printing illuminated matter in such manner that the stripes or bars of color shall extend diagonally across the card or sheet printed upon, and to that end the invention consists in feeding the cards or sheets in a novel manner, and in arranging the form correspondingly."

The diagonal color printing in question is accomplished by placing the form diagonally upon the bed or platen of the printing-press at whatever angle it may be wished to have the stripes or bars of color run across the face of the sheet to be printed, and then feeding the sheets to be printed onto the cylinder diagonally, so that they will register with the form, and the diagonal feeding of the sheets is secured by so arranging the nippers that they will seize and hold the sheet by one corner, instead of the edge or end, as is done in square printing. To make the nippers perform the function of holding the sheet by the corner, two longer nippers than those adapted to square printing are placed upon the nipper shaft, and so arranged that they will seize upon the corner of the sheet in such a way as not to interfere with the portion of the sheet to be printed or colored; that is, they are only to take hold of the corner and edges of the sheet.

The claims of the patent, which it is insisted defendants infringe, are as follows:

" (1) The method, substantially as hereinabove described, of printing or shading illuminated cards or sheets diagonally, and by feeding the cards or sheets diagonally into the press by arranging the form in a correspondingly diagonal position, as specified (2) The combination with the feed-board and impression cylinder of the printing-press of the nippers, *f, f,* each successively longer than the others, and having their working ends in a line extending diagonally across the cylinder, and of the extensible vibratory guides, *g, g,* whereby the sheets or cards feeding diagonally into the press will be seized and guided substantially as and for the purpose specified."

The patent contains a third claim, but it is not pretended that defendants infringe this last claim, as it is for a combination of the tilting feed-board, described in the specifications, with other parts of the mechanism.

As to the first claim, which is broadly for the method of printing or shading illuminated cards diagonally, by feeding the sheets diagonally into the press and by arranging the form in a corresponding diagonal position, it can only be construed to cover the result described when obtained by the instrumentalities shown; or, in other

words, in order to infringe this claim the work must be done in substantially the same manner, and by substantially the same mechanism, as shown in complainants' patent; if other mechanism is used, or more or less of the mechanism which is shown by the complainants is used to accomplish this result, then there is no infringement of this claim. The only ground upon which this claim can be sustained at all is that it is a claim for diagonal printing, to be accomplished by the means shown, and not for diagonal printing as a result, nor can it be held to cover a mere mode of working or manipulating a common printing-press when no material changes are made in its mechanism, and only the working position of one or more of its movable parts is changed.

The second claim is for a combination of old and well-known parts of a cylinder chromatic printing-press and the nippers, "each successively longer than the other, with their working ends in a line diagonally across the cylinder" and the vibratory guides, and no one can be charged with infringement of this patent unless he uses the whole combination, or known substitutes therefor. The defendants do not use the vibratory guides which form a part of complainants' combination, nor any substitute therefor; but adjust their sheets diagonally upon the feeding-board, and deliver them to the cylinder corner ways, by the aid of pins fixed in the feeding-board, by means of which the sheet is delivered upon the cylinder at the proper angle, to correspond with the angle at which the form is placed upon the bed of the press. The defendants also use long and short nippers, so arranged as to form a V, corresponding nearly to the shape of the corners of the sheet to be taken hold of.

The proof also shows that diagonal printing, either in several colors or one color, is not new to the printing art, and also that pins upon the feeding-board, as a means of obtaining such an adjustment of the sheet on the board as will secure its delivery on the cylinder at the proper angle or position, to correspond to the form on which it is to be printed, was old and well known long before this patent was obtained. The proof showing that defendants have only used pins as the means for arranging their sheets upon the feeding-board, and that they do not use the guides described by the complainants, I am of opinion they do not infringe either of the claims of the patent, because their pins are not the equivalent of the complainants' guides, but are such devices for arranging the sheets upon the feeding-board as were well known to printers long before this inventor entered the field. It is true, defendants use nippers which correspond in their

function and effect to those described in complainants' patent; but the defendants' nippers are not arranged "each successively longer than the others, and with their working ends in a line extending diaganally across the cylinder," but they are arranged so that their working ends form a triangle or V. It is also true that defendants did not remove the guides from their press, but simply turned them back upon the shaft. This, however, is equivalent to a removal of the guides, as they performed no part in the work of holding or adjusting the sheets.

I may add that I see nothing in what the defendants have done more than the mere mechanical adaptation of their machine to a peculiar kind of work which did not require invention. Their press with its working appliances, such as the nippers and feed-board, was, arranged to do square printing. They could arrange a form in the bed of the press so that it could be printed lengthways or crosswise, and must feed the sheets into the press so as to correspond with the form. If it became desirable or fashionable to print in colors diagonally, it was obvious, it seems to me, to any mechanic or man of ordinary mechanical skill accustomed to the working of such a printing-press, that in order to print diagonally all he had to do was to place his form at the required angle on the bed of the press and feed the sheets so that they would be delivered by the cylinder upon the form at the same angle with the form. To do this more surely, defendants changed the nippers so that they would grasp the corner of the sheet, and placed the sheet at the proper angle on the feeding-board by the aid of pins. Penciled or inked lines might probably be used for the same purpose, although it would require a more expert feeder to do the work. So, too, the ordinary nippers used for square work may be used by the defendants' process, as was demonstrated by some actual work done in the presence of the counsel and myself on a visit to the defendants' press-room, although it is probable they would not always secure so perfect a register with the short nippers, as with nippers arranged in V shape.

I cannot, therefore, see in what defendants have done anything more than one of those allowable mechanical changes which any skilled manipulator of a printing press, familiar with its capacities for doing various kinds of work, may make to adapt his machine to his work. The art of printing in blended colors has been greatly cheapened by late inventions pertaining to the chromatic press, with which complainants' invention has nothing to do. The only claim of these inventors is that they have devised a new and useful mode

of printing those blended colors diagonally across the card, instead of printing them in bars parallel to the sides or ends of the card, and I only intend to be understood as holding in this case that defendants do not infringe, because they do not use all the complainants' combination, and because they do their work on a chromatic press, without making any substantial changes in its mechanism. The bill is therefore dismissed for want of equity, on the ground that I find that there is no infringement of complainants' patent.